IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                Plaintiff,

    v.

MICHAEL COCKROFT,

                Defendant.

OPINION AND ORDER

14-cv-27-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil case, pro se plaintiff Leighton D. Lindsey contends that defendant Michael Cockroft used excessive force in violation of the Eighth Amendment when he slammed plaintiff's finger in the trap of his cell door. Plaintiff has filed two motions: one in which he asks for an *in camera* inspection of defendant's personnel file, dkt. #18, and a second in which he seeks a preliminary injunction, dkt. #22. Both motions must be denied.

OPINION

A. *In Camera* Inspection

Plaintiff wants the court to order defendant to produce his Department of Corrections personnel file so that the court can review it and, specifically, any document that "entails, describes or alleges any misconduct towards inmates including [defendant's] participation in misconduct toward inmates." Plt.'s Br., dkt. #18, at 1 (emphasis in original). The

1

motion is premature.  As defendant points out, plaintiff has not served discovery requests on defendant for these documents.  Under Fed. R. Civ. P. 37, a party's motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Plaintiff admits he has not not done this, but says that he believes the prison would not allow him access to defendant's personnel file.  Regardless whether that is true, Rule 27 does not permit parties to file motions to compel whenever they believe the opposing party is unlikely to comply with a discovery request.  Plaintiff's motion for an inspection will be denied.

Defendant advances an alternative ground for denying plaintiff's motion, which is that "[t]here are no documents in Cockroft's personnel file that describe or allege any mistreatment of inmates."  Dft.'s Br., dkt. #20, at 1.  I cannot rely on this statement because defendant does not provide any foundation for it.  His mere say-so is insufficient.  Rather, he must provide a sworn statement from someone with personal knowledge of the steps taken to determine whether the requested documents are part of defendant's personnel file.

B.  Preliminary Injunction

In his motion for a preliminary injunction, plaintiff asks the court to require a third party, Tammy Dickman, to provide him a legal loan to contact attorneys for the prosecution of his lawsuit against Cockroft.  Dkt. #22.  He says that Dickman, a business office employee at the Wisconsin Secure Program Facility, is violating his constitutional right to

obtain access to the courts because she will not disburse money to him to allow him to contact more than three lawyers about representing him. (He has contacted three already.) Plaintiff has previously attempted to amend his complaint to add Dickman as a defendant. Dkt. #12. I denied the motion to amend both because plaintiff had failed to state a claim and because he could not add new claims against Dickman without violating Fed. R. Civ. P. 20, which allows the addition of defendants to an action only if a right to relief is asserted them with respect to the same occurrences or a question of law or fact common to all defendants will arise in the action. Dkt. #13.

Plaintiff has not shown he is entitled to a preliminary injunction on matters that do not relate to the claims on which he has been allowed leave to proceed (the excessive force claim). Moreover, a nonparty may be enjoined only when acting in concert with enjoined defendants. N.L.R.B. v. Express Publication Co., 312 U.S. 426, 435 (1941) ("A federal court has broad power to restrain acts which are of *the same type or class* as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past.") (emphasis added); United States v. Kirschenbaum, 156 F.3d 784, 794 (7th Cir. 1998) ("A district court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party."). The rule has an exception if it appears that the alleged actions would directly, physically impair the plaintiff's ability to prosecute his lawsuit, but that is not the case here. Plaintiff has not alleged that Dickman has prevented him from filing motions or other documents necessary

to prosecute his lawsuit directly, and plaintiff does not *require* a lawyer to prosecute his case. His claim involves simple facts for which it is unlikely that expert testimony will be required. He has been meeting deadlines and prosecuting this suit actively by filing motions and discovery requests.

If plaintiff wishes to raise an access to the courts claim against Dickman, he will have to do so in a separate lawsuit after he first exhausts his administrative remedies. Plaintiff should be aware that an access to the courts claim requires a plaintiff to show an "actual injury," that is, some sort of prejudice affecting his lawsuit. It does not appear from his submissions that he has suffered an injury in this lawsuit. Lewis v. Casey, 518 U.S. 343, 351 (1996).

ORDER

IT IS ORDERED that

1.  Plaintiff Leighton Lindsey's motion for an *in camera* inspection of documents, dkt. #18, is DENIED.

2.  Plaintiff's motion for a preliminary injunction, dkt. #22, is DENIED.

Entered this 20th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge