IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                                                              OPINION AND ORDER

                    Plaintiff,

                                                               14-cv-27-bbc

    v.

MICHAEL COCKROFT,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil case involving allegations of excessive force, pro se plaintiff Leighton D. Lindsey has filed several motions that are ready for review. The first is a motion for reconsideration of the screening order in which I denied plaintiff leave to proceed against nurses who he says failed to give him medical care and for reconsideration of this court's order denying plaintiff leave to amend his complaint to add claims against mailroom worker Tammy Dickman. Dkt. #27. In both instances, I determined that joining the proposed defendants would violate Fed. R. Civ. P. 20 because plaintiff's claims against the nurses and Dickman involve facts and questions of law and fact different from those alleged in support of plaintiff's excessive force claim. Plaintiff has not shown that the reasoning in the original orders was incorrect, so I am denying his motion.

In addition, plaintiff has filed several discovery motions. In one he moves to compel a security office worker to allow him to see his security file more frequently, dkt. ##29, 39;

1

to view the video of the alleged excessive force incident, dkt. ##33, 35; for a protective order to prevent defendant from destroying parts of his personnel file, dkt. #31; and for an evidentiary hearing and sanctions related to defendant's alleged spoliation of portions of the video footage, dkt. #41. Plaintiff has asked to withdraw the motions to compel production of the video, dkt. ##33, 35, so those motions will be denied as moot. Plaintiff also asked to withdraw his first motion to compel the viewing of his security file, dkt. #29, when he filed his second motion on that issue, dkt. #39. Further, plaintiff does not explain why defendant's production of documents does not satisfy his motion to compel with respect to viewing his security file, so I am denying both motions. Plaintiff's motion for a protective order is unnecessary because plaintiff has cited no reason to suspect that defendant intends to destroy any evidence from defendant's personnel file. Finally, plaintiff's motion for an evidentiary hearing and sanctions will be denied because there is no evidence to suggest that the missing video footage was destroyed in bad faith.

OPINION

A. Motion for Reconsideration

In the course of screening plaintiff's complaint, I concluded that he had proposed claims that could not be joined in the same lawsuit under Fed. R. Civ. Pro. 20. Dkt. #5. In one claim, plaintiff alleged that defendant Cockroft had slammed plaintiff's finger in the trap door on his cell for the purpose of punishing plaintiff, resulting in a finger injury. In the other claim, plaintiff alleged that approximately a month later his finger "busted open"

again but the nurses refused to treat it. I concluded that the incident involving alleged excessive force was factually separate from the nurses' refusal to treat plaintiff weeks later. Thus, I ordered plaintiff to choose whether he wished to proceed against defendant on an excessive force claim or against the nurses on a medical care claim. He chose the former. Dkt. #6.

Plaintiff later asked to amend his complaint to include a claim against Tammy Dickman for interfering with his access to the courts and retaliating against him for filing his lawsuit against defendant Cockroft. Dkt. #12. Plaintiff alleged that Dickman refused to grant him a legal loan so that he could contact more than three attorneys. I denied plaintiff's motion on two grounds: (1) he had not explained how Dickman's alleged conduct hindered his ability to litigate this lawsuit, as required to state a denial of access to the courts claim and (2) joining Dickman to his lawsuit against defendant would violate Fed. R. Civ. P. 20 because her actions with respect to his lawsuit are factually separate from the excessive force claim underlying the lawsuit. Dkt. #13.

Plaintiff now asks the court to reconsider both decisions on the grounds that joining the nurses and Dickman would not violate Fed. R. Civ. P. 20 and he has alleged an injury with respect to his denial of access to the courts claim against Dickman.

Rule 20 of the Federal Rules of Civil Procedure allows joinder of defendants to a lawsuit only when two conditions are met: (1) "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of

3

law or fact common to all defendants will arise in the action." Plaintiff says that both elements are met because the facts involve the same occurrences: his injured finger and the lawsuit against defendant Cockroft. However, in this case, these connections are too attenuated to constitute the "same transaction, occurrence, or serous of transactions or occurrences." Plaintiff asserts distinct injuries: the initial injury to his finger, a failure to treat a later re-injury to that finger and his inability to contact attorneys. These injuries arose from separate actions by different individuals. It is true that a series of transactions by different parties may be sufficient for joinder, but plaintiff has not identified a common thread among these transactions. He says that Dickman and Cockroft "conspired," but he does not explain what he means by that statement, so he cannot rely on it for the purposes of joining a party. Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009) ("conspiracy allegations [are] often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough.").

Further, plaintiff says that the requirement that some question of law or fact is shared among the defendants is met in this case, but he has not identified that common question. I am not aware of a common question of fact. Plaintiff suffered different injuries as a result of different actions by different persons. There is no common question of law because the the legal standards for each claim are different (Eighth Amendment excessive force, Eighth Amendment deliberate indifference, denial of access to the courts and retaliation). Therefore, I conclude that adding the nurses and Dickman would violate Fed. R. Civ. P. 20.

Plaintiff also appears to argue that the court should not have addressed this problem

at this stage of the proceedings. He cites Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 n.11 (5th Cir. 1995) for the proposition that "joinder of parties [should be] treated as a trial problem not a pleading problem." However, that case does not support plaintiff's argument. The case notes that Fed. R. Civ. P. 20 "requires that all of the plaintiffs' claims arise out of the same transaction or occurrence and that there is a common issue of fact or law" and that the district court may sever cases that do not comply with the rule. Id. On the other hand, the Court of Appeals for the Seventh Circuit has held that "[a] district judge should be able to spot a complaint violating Rules 18 and 20 within days of its filing, and solve the problem by severance (creating multiple suits that can be separately screened) or dismissing the excess defendants under Fed.R.Civ.P. 21. . . . It is never necessary to wait months on end to deal with a complaint that contains unrelated claims against multiple defendants." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (internal citations omitted). Accordingly, I am denying plaintiff's motion for reconsideration.

## B. Motions to Compel

Plaintiff has filed four motions to compel. Three (dkt. ##29, 33, 35) may be disposed of at the outset because plaintiff has withdrawn them. Dkt. #38 ("Plaintiff asks the court to disregard motion submitted last month in June which has same title and request as this motion [dkt. #39] which also pertains to this same issue."); dkt. #49 ("I ask that [the court] disregard the motion to compel dated 7-7-2014."). The fourth motion requires

further discussion.

Plaintiff has moved the court to require a security office worker Tricia Lansing to give him additional time to view his security file, which he says contains "investigation notes" about the incident with defendant Cockroft.  Plaintiff says he is allowed to view the file for only one hour every six months, which is insufficient time to allow him to find the documents containing these investigation notes.  Defendant's attorney has sworn to the fact that he produced all documents from plaintiff's security file that relate to the investigation of the incident with Cockroft, so plaintiff should not need to view his file.  Plaintiff was permitted to file a reply brief but he has not, so I see no reason to question counsel's representation.  Because plaintiff has not explained why the documents defendant produced do not satisfy his need to view his security file, I am denying his motion to compel.

### C.  Motion for Protective Order

Plaintiff asks the court to enter a protective order that prohibits the Department of Corrections and Wisconsin Secure Program Facility from "purging any employment/ personnel records, disciplinary records[,] reprimands, and complaints filed against Michael Cockroft from the beginning (the first day of his employment as a correctional officer until today[']s present date[)]."  Plt.'s mot., dkt. #31, at 1.  Plaintiff says that he makes this request "to prevent W.S.P.F. D.O.C. from destroying documents that can be helpful to plaintiff and obtained through discovery process as well as preserving documentation for possible review by the U.S.D.C. to determine if the documents within Cockroft's personnel

file are relevant to this civil rights action." Id.

Plaintiff has not cited any reason for his belief that documents from defendant's personnel file will be destroyed and defendant acknowledges that he is required to preserve all discoverable evidence within his control. Thus, I conclude that a protective order is unnecessary.

### D. Motion for Evidentiary Hearing and Sanctions

Plaintiff says that he has been permitted to view video footage of the incident in which he alleges that defendant slammed his finger with the trap door in plaintiff's cell. However, he says that the video is incomplete because the argument between plaintiff and defendant that occurred before the alleged slamming of plaintiff's finger is missing from the video but is relevant to his claim. Defendant concurs that the video footage does not include the portion of the incident to which plaintiff is referring and that William Brown, who is employed as a complaints examiner at the Wisconsin Secure Program Facility, allowed that part of the video to be destroyed in the normal course of record maintenance. (Video footage that is not downloaded after a certain amount of time is deleted from the computer system.)

Plaintiff argues that defendant's actions amount to spoliation of evidence because Brown failed to download all parts of the video footage that are relevant to plaintiff's claim. Plaintiff also asks for an evidentiary hearing. Defendant responds that a hearing and sanctions are unwarranted because the portion of the video that was destroyed would not

have been helpful to plaintiff's case and because the video footage was destroyed in the normal course of business, not in bad faith.  Brown avers that he downloaded the portion of the video that appeared to relate to plaintiff's complaint about defendant Cockroft. Further, he says that he would not have downloaded video of an argument because he did not believe that an argument was part of plaintiff's claim and because the cameras do not record sound, so any footage would not assist plaintiff in proving his claim.

Sanctions are justified when evidence containing *relevant* information is destroyed in *bad faith*, meaning that it is destroyed for the purpose of hiding adverse information. Norman-Nunnery v. Madison Area Technical College, 625 F.3d 422, 428 (7th Cir. 2010). Even if I assume that the video showed evidence that would be relevant to plaintiff's claim, I cannot conclude that sanctions and a hearing are warranted because there is no evidence to suggest that defendant acted with the purpose of hiding adverse information.  Rather, prison officials appear to have attempted to preserve what they believed was the relevant evidence and deleted the remainder of the video in the normal course of business. Accordingly, plaintiff's motion will be denied.


ORDER

IT IS ORDERED that

1. Plaintiff Leighton Lindsey's motion reconsideration of this court's screening order and order denying him leave to amend his complaint, dkt. #27, is DENIED.

2.  Plaintiff's motions to compel, dkt. #29, 33, and 35 are DENIED as moot;

plaintiff's motion to compel viewing of his security file, dkt. #39, is DENIED.

    3. Plainitiff's motion for a protective order, dkt. #31, is DENIED.

    4. Plaintiff's motion for an evidentiary hearing and sanctions, dkt. #41, is DENIED.

Entered this 18th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge