IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEIGHTON D. LINDSEY,

               Plaintiff,

     v.

MICHAEL COCKROFT,

               Defendant.

ORDER

14-cv-27-bbc

---

In this civil lawsuit alleging use of excessive force, *pro se* plaintiff Leighton D. Lindsey has moved for issuance of a subpoena duces tecum under Fed. R. Civ. P. 45 to obtain documents from the John Doe proceeding that plaintiff initiated in the Circuit Court for Grant County. Dkt. 67. Plaintiff asks the court to seal his motion, *id.*, and asks for an extension time to respond to defendant Michael Cockroft's motion for summary judgment, dkt. 74. Plaintiff has not shown that he is entitled to any of the relief he requests.

In support of his subpoena request, plaintiff says that he wants Detective Richard Place's incident report dated May 20, 2013 and "any and all other investigatory documents related to the investigation of John Doe case no. 13-jd-6." Plaintiff does not proffer any information about why he believes that these documents exist; indeed, plaintiff has provided no basis to surmise his John Doe request proceeded beyond the initial stages. *See In re John Doe Petition*, 2010 WI App 142, 329 Wis. 2d 724, 731-32( under Wisconsin's John Doe statute, Wis. Stat. § 968.26, judges may decline to subpoena witnesses or documents if they believe the complaint is without merit). Further, if a presiding judge decides to keep a John Doe proceeding secret, then "the record of the proceeding and the testimony taken shall not be open to inspection by anyone except the district attorney . . . ." Wis. Stat. § 968.26(3). Plaintiff does not say whether his proceeding was secret, but he does say that the state court has denied his request for the

document. One could infer from the fact of a denial either that the requested documents are sealed, or that they do not exist at all.

Perhaps this bears further exploration in this case, but not at this juncture.  Even if plaintiff had provided a basis for believing that these documents exist and that they contain statements from defendant or defendant's associates, plaintiff does not need such documents at this stage in the proceedings.  At summary judgment, plaintiff does not require admissions from defendant in order to create a legitimate dispute of fact on his excessive force claim.  Therefore, plaintiff is able respond to the summary judgment motion without the documents.  His response deadline will be extended by one week only.

Finally, plaintiff asks that his motions for the subpoena duces tecum and for an extension of time be sealed and that the court issue a protective order because plaintiff is concerned that the assistant attorney general on this case will obtain the documents from his John Doe proceeding before he does and that officials in the Grant County circuit court will alter the documents.  Neither of these reasons is persuasive.  First, if the documents exist and contain discoverable information, then they must be produced for both parties, so it is immaterial whether defendant finds them first.  Second, plaintiff provides no reason for why he believes Grant County circuit court officials might alter these documents.  However, I note that John Doe proceedings are often kept secret pursuant to Wis. Stat. § 971.23.  Therefore, out of an abundance of caution, I will give plaintiff an opportunity to show cause why his filings should be kept under seal.  If plaintiff fails to do so, then his motions and this order will be unsealed.

ORDER

It is ORDERED that

1.  Plaintiff Leighton D. Lindsey's motion for a subpoena duces tecum, dkt. 67, is DENIED.

2.  Plaintiff's motion for an extension of time to respond to defendant Michael Cockroft's motion for summary judgment, dkt. 74, is GRANTED IN PART and DENIED IN PART: Plaintiff may have until December 8, 2014 to file his response.

3.  Plaintiff may have until December 4, 2014 to show cause why is motions for a subpoena duces tecum and for an extension of time should be sealed.  If plaintiff fails to respond by that date or fails to show cause, his filings will be unsealed.


Entered this 19th day of November, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge